UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN THE MATTER OF THE ARBITRATION BETWEEN

LOCAL UNION NO. 580 of the INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL AND REINFORCING IRON WORKERS,
AFL-CIO, AND

TRUSTEES OF LOCAL UNION NO. 580 of the
INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRON WORKERS EMPLOYEE BENEFIT FUNDS,

-and-

D.F.S. BROTHERS IRON WORKS, INC. A/K/A:
D.F.S. BROTHERS STEEL FABRICATORS,

------------------------------------------------------------X

Civil Action No.:

PETITION

07 CV 5463

JUN 08 2007

Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complain of defendants as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, (hereinafter "E.R.I.S.A."), as amended, §§502 and 515, 29 U.S.C. §§1132 and 1145; and the Labor Management Relations Act, (hereinafter "L.M.R.A."), as amended, §301, 29 U.S.C. §185.

2. Venue within this district is proper pursuant to L.M.R.A. §301, 29 U.S.C. §185; E.R.I.S.A. §502(e)(2), 29 U.S.C. §1132(e)(2).

## NATURE OF ACTION

3. This action is brought by, inter alia, fiduciaries of jointly administered employee benefit plans established pursuant to and in accordance with the requirements of the L.M.R.A. §302, as amended, 29 U.S.C. §186 ("Taft-Hartley" plans), and a labor organization within the meaning of L.M.R.A. §301 to enforce the relevant

provisions of the enabling trust indentures, applicable collective bargaining agreements, and statutory obligations imposed on defendant by E.R.I.S.A. §515, 29 U.S.C. §1145, and L.M.R.A. §301(a), 29 U.S.C. §185(a) and to confirm an Arbitration Award issued by the Impartial Arbitrator pursuant to the above cited agreements and a Settlement Agreement entered into by and between the parties.

## PARTIES

4. Petitioner, LOCAL 580, is a labor organization within the meaning of the L.M.R.A. and E.R.I.S.A., representing individuals who perform miscellaneous and ornamental iron work within the metropolitan New York area.

5. Petitioners, TRUSTEES OF LOCAL UNION NO. 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS EMPLOYEE BENEFIT FUNDS, are, at all relevant times, fiduciaries, within the meaning of E.R.I.S.A. §§3(21)(A), 29 U.S.C. 1002(21)(A), of employee welfare benefit plans and employee pension benefit plans as defined in E.R.I.S.A. §3(1) and (2), 29 U.S.C. §1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of E.R.I.S.A. §3(37)(A), 29 U.S.C. §1002(37)(A), with principal offices located at 501 West 42nd Street, New York, New York 10036.

6. Respondent, D.F.S. BROTHERS IRON WORKS, INC. A/K/A D.F.S. BROTHERS STEEL FABRICATORS (hereinafter "D.F.S."), upon information and belief, is and was, at all relevant times, a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 58-15 58th Place, Maspeth, New York 11378.

7. Respondent is and was at all relevant times, engaged in an industry affecting commerce and "employer(s)" within the meaning of the National Labor

2

Relations Act, (hereinafter "N.L.R.A."), §§2(2) and 301(a), 29 U.S.C. 152(a) and 185(a), and E.R.I.S.A. §§3(5) and 515, 29 U.S.C. 1002(5) and 1145.

8. Respondent D.F.S. is a party to a collective bargaining agreement with Local 580 (Exhibit "A") and is bound to Trust Agreements with the FUNDS.

9. On or about November 11, 2005, D.F.S. and Petitioners entered into a Settlement Agreement to resolve a fringe benefit delinquency matter. (Exhibit "B".)

10. The Settlement Agreement calls for monthly payments of $5,500.00 of the SETTLEMENT AMOUNT.

11. In the event of a default on the monthly payments, the Settlement Agreement calls for the FULL AMOUNT to become due and owing.

12. Disputes over the terms of the Settlement Agreement are to be referred to Eric J. Schmertz as Impartial Arbitrator (Exhibit "B", ¶11.)

13. Notice of Default was served on attorney Tavon on July 24, 2006, pursuant to the Agreement. (Exhibit "C".)

14. When no resolution could be reached, Petitioners served a subsequent Notice of Default and Demand for Arbitration on January 23, 2007. (Exhibit "D".)

15. D.F.S. made no appearance at the Hearing.

16. An Award was issued. (Exhibit "E".)

17. D.F.S.' attorney requested that the hearing be reopened. (Exhibit "F".)

18. The Impartial Arbitrator denied the request. (Exhibit "G")

19. This Court has the power to confirm the Award to a Judgment.

20. No prior application has been made to this Court for the relief requested herein.

WHEREFORE, Petitioners respectfully request that this Court CONFIRM the Award of the Impartial Arbitrator and direct that Judgment be rendered against D.F.S. in the amount of $52,494.63 and for such other and further relief as this Court deems just, proper and equitable.

Dated: June 7, 2007
Garden City, New York

Yours,

COLLERAN, O'HARA & MILLS L.L.P.
Attorneys for Petitioners

By *[signature]*
DENIS A. ENGEL (DAE-7796)
1225 Franklin Avenue
Suite 450
Garden City, New York 11530
(516) 248-5757

TO:
D.F.S Brothers Iron Works, Inc.
a/k/a D.F.S. Brothers Steel Fabricators
58-15 58th Place
Maspeth, New York 11378

Robert Tavon, Esq.
5424 Arlington Avenue, Suite #H-63
Riverdale, Bronx, New York 10471

4