UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LOCAL UNION NO. 580 of the INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL AND REINFORCING IRON WORKERS,
AFL-CIO, <u>AND</u>

TRUSTEES OF LOCAL UNION NO. 580 of the
INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING
IRON WORKERS EMPLOYEE BENEFIT FUNDS,

    -and-

D.F.S. BROTHERS IRON WORKS, INC. A/K/A
D.F.S. BROTHERS STEEL FABRICATORS, and
MASPETH STEEL FABRICATORS, INC.,

                                   Defendants

-------------------------------------------------------------------------X

|  |
| :-- |
| Civil Action No.: |
| 07-5463(JSR) |
| **FIRST AMENDED** |
| COMPLAINT |

Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complain of defendants as follows:

<u>JURISDICTION AND VENUE</u>

1.    Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, (hereinafter "E.R.I.S.A."), as amended, §§502 and 515, 29 U.S.C. §§1132 and 1145; and the Labor Management Relations Act, (hereinafter "L.M.R.A."), as amended, §301, 29 U.S.C. §185.

2.    Venue within this district is proper pursuant to L.M.R.A. §301, 29 U.S.C. §185; E.R.I.S.A. §502(e)(2), 29 U.S.C. §1132(e)(2).

<u>NATURE OF ACTION</u>

3.    This action is brought by, <u>inter alia</u>, fiduciaries of jointly administered employee benefit plans established pursuant to and in accordance with the requirements of the L.M.R.A. §302, as amended, 29 U.S.C. §186 ("Taft-Hartley" plans), and a labor organization within the meaning of L.M.R.A. §301 to enforce the relevant provisions of the enabling trust indentures, applicable collective bargaining

agreements, and statutory obligations imposed on defendants by E.R.I.S.A. §515, 29 U.S.C. §1145, and L.M.R.A. §301(a), 29 U.S.C. §185(a) and to confirm an Arbitration Award issued by the Impartial Arbitrator pursuant to the above cited agreements and a Settlement Agreement entered into by and between the parties and to provide a remedy for breaches of the collective bargaining agreement(s) and various trust agreements between LOCAL 580 and the JOINT FUNDS of LOCAL 580, as plaintiffs, and DFS and its alter-ego, MASPETH STEEL, as defendants.

PARTIES

4.    Petitioner, LOCAL 580, is a labor organization within the meaning of the L.M.R.A. and E.R.I.S.A., representing individuals who perform miscellaneous and ornamental iron work within the metropolitan New York area.

5.    Petitioners, TRUSTEES OF LOCAL UNION NO. 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS EMPLOYEE BENEFIT FUNDS, are, at all relevant times, fiduciaries, within the meaning of E.R.I.S.A. §§3(21)(A), 29 U.S.C. 1002(21)(A), of employee welfare benefit plans and employee pension benefit plans as defined in E.R.I.S.A. §3(1) and (2), 29 U.S.C. §1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of E.R.I.S.A. §3(37)(A), 29 U.S.C. §1002(37)(A), with principal offices located at 501 West 42nd Street, New York, New York 10036.

6.    Respondent, D.F.S. BROTHERS IRON WORKS, INC. A/K/A D.F.S. BROTHERS STEEL FABRICATORS (hereinafter "D.F.S."), upon information and belief, is and was, at all relevant times, a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 58-15 58th Place, Maspeth, New York 11378.  MASPETH STEEL FABRICATORS, INC., (hereinafter "MASPETH") upon information and belief, is and was, at all relevant times, a corporation duly organized and existing pursuant to the laws of the State of

New York with its principal place of business at 58-15 58th Place, Maspeth, New York 11378.

7.    Defendants are and were at all relevant times, engaged in an industry affecting commerce and "employer(s)" within the meaning of the National Labor Relations Act, (hereinafter "N.L.R.A."), §§2(2) and 301(a), 29 U.S.C. 152(a) and 185(a), and E.R.I.S.A. §§3(5) and 515, 29 U.S.C. 1002(5) and 1145.

8.    D.F.S. is a party to a collective bargaining agreement with LOCAL 580 (Exhibit "A", dated October 23, 2003) and is bound to Trust Agreements with the FUNDS.

9.    On or about November 11, 2005, D.F.S. and Petitioners entered into a Settlement Agreement to resolve a fringe benefit delinquency matter. (Exhibit "B".)

10.    The Settlement Agreement calls for monthly payments of $5,500.00 of the SETTLEMENT AMOUNT.

11.    In the event of a default on the monthly payments, the Settlement Agreement calls for the FULL AMOUNT to become due and owing.

12.    Disputes over the terms of the Settlement Agreement are to be referred to Eric J. Schmertz as Impartial Arbitrator (Exhibit "B", ¶11.)

13.    Notice of Default was served on attorney Tavon on July 24, 2006, pursuant to the Agreement. (Exhibit "C".)

14.    When no resolution could be reached, Petitioners served a subsequent Notice of Default and Demand for Arbitration on January 23, 2007. (Exhibit "D".)

15.    D.F.S. made no appearance at the Hearing.

16.    An Award was issued. (Exhibit "E".)

17.    D.F.S.' attorney requested that the hearing be reopened. (Exhibit "F".)

18.    The Impartial Arbitrator denied the request. (Exhibit "G")

19.    This Court has the power to confirm the Award to a Judgment.  No prior application has been made to this Court for the relief requested herein.

20.    Upon information and belief, D.F.S. and MASPETH share common ownership, common management, common supervision (in the persons of Dominick

LoFaso or his family members); they share a common business purpose (steel installation/iron-work); they share common operations (operating out of the identical location); they share common customers and equipment.  In short, the companies are alter-egos.

21.    D.F.S. has ceased utilizing LOCAL 580 Iron Workers, as it is required to do, for any Covered Work performed by this Employer.

22.    Upon information and belief, D.F.S. is performing Covered Work, either under the name D.F.S. or its alter-ego MASPETH on various projects in LOCAL 580's Territorial Jurisdiction, as that term is defined in the collective bargaining agreement.

## AS AND FOR A FIRST CAUSE OF ACTION

23.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1-22 as though fully set forth herein.

24.    The unopposed Arbitration Award against D.F.S. must be confirmed to a judgment, pursuant to the agreement by and between the parties and the L.M.R.A. §301, and judgment is demanded thereon in the amount of $52,494.63.

## AS AND FOR A SECOND CAUSE OF ACTION

25.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1-24 as though fully set forth herein.

26.    D.F.S. is indebted to LOCAL 580 and the FUNDS for wages and employee benefit contributions for each and every hour of covered employment D.F.S. or its alter-ego MASPETH performed from October 1, 2005 to date, in an amount to be determined after a thorough audit of both D.F.S. and MASPETH's books and records.  In addition to said employee benefit contributions, D.F.S. and its alter-ego MASPETH are indebted to the FUNDS additional amounts representing interest, liquidated damages, attorneys fees and other costs associated with the collection of the unpaid employee benefit contributions, pursuant to the collective bargaining agreement and E.R.I.S.A. 29 U.S.C. §1132 and 29 U.S.C. §1145.

## AS AND FOR A THIRD CAUSE OF ACTION

27.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1-26 as though fully set forth herein.

28.    As alter-egos, MASPETH is liable as a non-signatory bound to the LOCAL 580 collective bargaining agreement and related Trust Agreements for all of the debts incurred by D.F.S. from October 23, 2003 to date, including, without limitation, any and all amounts due and owing from D.F.S. pursuant to the Arbitration Award, pursuant to L.M.R.A. §301 and E.R.I.S.A. 29 U.S.C. §1132 and 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that this Court CONFIRM the Award of the Impartial Arbitrator and direct that Judgment be rendered against D.F.S. in the amount of $52,494.63 and further respectfully request that the court enter judgment against D.F.S. and MASPETH, jointly and severally, for the Award amount and for such other additional amounts as will be determined after an audit of D.F.S. and MASPETH's books and records and further respectfully request such other and further relief as this Court deems just, proper and equitable.

Dated:    August 8, 2007
          Garden City, New York

                                        Yours,

                                        COLLERAN, O'HARA & MILLS L.L.P.
                                        Attorneys for Petitioners

                                        By: _____
                                        DENIS A. ENGEL (DAE-7796)
                                        1225 Franklin Avenue
                                        Suite 450
                                        Garden City, New York 11530
                                        (516) 248-5757

TO:
D.F.S Brothers Iron Works, Inc.
a/k/a D.F.S. Brothers Steel Fabricators
and its alter-ego MASPETH STEEL FABRICATORS, INC.
58-15 58th Place
Maspeth, New York 11378

Robert Tavon, Esq.
5424 Arlington Avenue, Suite #H-63
Riverdale, Bronx, New York 10471