of the delinquent Employer until such Employer pays the full amount of contributions owed and also pays the employees who are on strike their regular rate of pay for all time lost during such strike.

(3) In the event of any nonpayment or underpayment of required contributions to any Fund, or upon the failure of an Employer to make contributions when payable, there shall be added to such indebtedness interest at 10% and liquidated damages in an amount not in excess of 20% of the amount of the indebtedness which the parties agree is a reasonable charge. Annexed hereto as Appendix "A" to this Agreement is the detailed schedule which sets forth the manner of calculating interest and liquidated damages to be used by the fringe benefit funds. The amounts collected for interest and liquidated damages shall be used to reduce the administrative expenses of the Funds.

(c) The Employer shall make available to the auditors of the Vacation, Pension, Insurance, Annuity, Ornamental, Ornamental Metal Institute of New York, Apprentice-Journeyman Educational, and Institute of the Ironworking Industry Funds provided for in this Agreement, within ten (10) days after written notice from the Trustees, any and all records which, in the discretion of the Trustees of said Funds or any one Fund, may be required in connection with the sound and efficient operation of said Funds or to determine whether the Employer has made the

contributions it is obligated to make pursuant to this Agreement. The Employer shall also make available, upon such notice, to the auditor any and all records of any affiliated or related company which, in the discretion of the Trustees of said Funds or any one Fund, may be required to determine whether the Employer has made the contributions it is obligated to make pursuant to this Agreement. Failure of the Employer to make records available to the auditor shall constitute a breach of this agreement and, upon ten (10) days' written notice to the Employer, the Union, notwithstanding anything to the contrary contained in this Agreement, shall have the right to strike and remove its members from the job or jobs of such Employer until the Employer makes the records available to the auditors and also pays the employees who are on strike their regular rate of pay for all time lost during such strike.

(d) The Employer shall file weekly a report on all employees covered by this Agreement with the Local 580 Joint Fund Office in the form as appears in Exhibit "1" annexed to this Agreement or in such form as may be amended from time to time by the Trustees of the various Funds. Failure of the Employer to observe the provisions of this subsection shall constitute a breach of this Agreement and upon ten (10) days' written notice to the Employer, the Union, notwithstanding anything to the contrary contained in this Agreement, shall have the right to strike and remove its members from the job or jobs

52

53

of such Employer until the Employer files the weekly report and also pays the employees who are on strike their regular rate of pay for all time lost during such strike.

(e) If an Employer becomes delinquent in payment, or is delinquent by reason of underpayment, the Trustees may in their discretion revise the agreed-upon methods of payment of contributions and such Employer shall, upon adequate notice, thenceforth make contributions to the Funds in accordance with the newly-prescribed methods of payment.

(f) In the event a dispute arises regarding the meaning, interpretation, application or alleged violation of the Employer's obligations to make required fringe benefit contributions to any of the Funds pursuant to Sections IX, XXII, XXIII, XXIV, XXV, XXVI, XXVII., XXVIII, XXIX and XXX or in connection with any of the provisions of this Section XXXII, or in connection with any rule or procedure of the Trustees of any of the Funds affecting collection of contributions to the Funds or distribution of receipts to employees, such dispute shall be submitted to Eric Schmertz, as the Impartial Arbitrator. If for any reason Mr. Schmertz is incapacitated or for any other reason is unable to act expeditiously, he shall designate a substitute Arbitrator. If Mr. Schmertz is unable to make such designation, the Union and the Allied Association shall promptly make such designation. Should they

54

fail to agree on a substitute Arbitrator, the procedures of the American Arbitration Association shall be utilized to resolve these disputes on a case by case basis until the Union and the Allied Association agree on a permanent Arbitrator.

The Impartial Arbitrator shall have all the powers granted to arbitrators pursuant to the Civil Practice Law and Rules of the State of New York and shall be authorized to compel the production of books and records of any kind or type which may be involved in a dispute. The decision of the Impartial Arbitrator shall be final and binding on the Employer, the Union and the Trustees.

The expense of the arbitration procedure shall be borne equally by the Employer and the Funds except that, if collection is made pursuant to an arbitration award, such decision shall contain a directive that the Employer pay the actual cost of an audit, if any, used to establish the indebtedness, plus the arbitration fee of $700.00 per day, plus arbitration costs and expenses, if any, plus reasonable attorney's fees in the amount of 25% of the indebtedness, which amount the parties agree is a reasonable collection charge and, in addition thereto, interest at 10% and liquidated damages of 20% of the payments due to said Funds, which amounts shall be paid to the Trustees of said Funds.

(g) Resort to a remedy under this Agreement or under the Agreements and Declarations of Trust for

55

the collection of contributions due the Funds or any one Fund, shall not be deemed a waiver of the right to resort to any other remedy provided therein or by law. Resort to one remedy at one time shall not be deemed a waiver of the right to resort to others at a future or subsequent time. In any proceeding to confirm an award of the Impartial Arbitrator service may be made by registered or certified mail within or without the State of New York, as the case may be.

(h) It is agreed that the contributions to each of the aforementioned Funds is part of a total package and in the event that the contributions to any Fund shall not be required to be made because of a lack of a legal obligation to make such payment then the amount of that contribution shall be transferred as the Union at its option shall designate. The object of this provision is that the total cost of the fringe benefit fund receipts to any Employer shall remain constant subject to the reallocation of any amounts among Funds to which that Employer is legally obligated to make contributions.

## XXXIII. STRIKES AND LOCKOUTS

(a) It is mutually agreed that there shall be no strikes authorized by the Union or no lockouts authorized by the Employer, except for the refusal of either party to submit to arbitration, in accordance with Section XXI, or failure on the part of either party

56

to carry out the award of the Arbitrator or settlements arrived at prior to an arbitration award.

(b) It shall not be a violation of any provision of this Agreement for any person covered by this Agreement to refuse to cross or work behind the picket line of any affiliated Union which has been authorized by the International of that Union, or Building and Construction Trades Council.

## XXXIV. PROTECTION OF UNION PRINCIPLES

The removal of journeymen and apprentices from a job in order to render assistance to other Local Union(s) to protect union principles shall not constitute a violation of this Agreement, provided notice thereof is first given to the Association through the office of its Executive Director.

## XXXV. UNION MEMBERS AS CONTRACTORS

It is contrary to the spirit of this Agreement and contrary to the Constitution of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, for active Union members to act as contractors or for Employers to work with the tools or otherwise perform the work performed by members of the bargaining unit. Therefore:

57

(a)  No Union member may act as an Employer under this Agreement unless he first takes out a withdrawal card pursuant to the Constitution of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO.

(b)  No members of any Local Union shall work for any contractor or company owned or controlled directly or indirectly by the wife, father, mother, brother, sister or relative of any member of a Local Union until such members have obtained permission from the Executive Committee of the Local Union to work for such contractor.

(c)  The Union shall not enter into any contract or furnish its members to work for any contractor or company which is owned or controlled directly or indirectly by the wife, father, mother, brother, sister or relative of any member of a Local Union unless such contractor first applies and receives permission from the Executive Committee of the Local Union.

(d)  For the purposes of this section, signatures by members of any Local Union on payroll checks, any and all reports to City, State or Federal Agencies, business insurance policies, bank accounts, and the like, shall constitute presumptive evidence of the ownership or control of the business by such member. Such documents shall be available to the Union and/or its auditors for the purposes of inspecting the signatures thereon.

58

## XXXVI.  ADHERENCE TO THE AGREEMENT

This Agreement contains all of the provisions agreed upon by the Employer and the Union. Neither the Employer nor the Union will be bound by rules, regulations or agreements not herein contained except interpretations or decisions reached through the grievance and arbitration procedure.

## XXXVII.  RECORD KEEPING

(a)  Upon receipt of appropriate information from the Association, the Fund Office shall keep a record of the names and social security numbers of those members of the bargaining unit who have received the safety training required by OSHA's HAZ COM regulations. The aforementioned records shall also, where provided by the Association, list the Employer providing said safety training.

(b)  Upon receipt of appropriate information from the Association, the Fund Office shall keep a record of the name and social security number of those members of the bargaining unit who have completed I-9 forms as required by the U.S. Immigration and Naturalization Service. The aforementioned records shall also, where provided by the Association, list the Employer who obtained said I-9 form.

(c)  The Employer agrees to indemnify and hold

59

harmless the Union from any and all claims, actions or proceedings arising out of said record keeping as set forth in paragraphs XXXVII (a) and (b) above.

## XXXVIII. SEVERABILITY AND SAVING CLAUSE

Should any part of or provisions herein contained be rendered or declared invalid by reason of any existing or subsequently enacted legislation, or by any decree of a court of competent jurisdiction such invalidation of such part or portion of this Agreement shall not invalidate the remaining portions thereof; provided however, upon such invalidation the parties signatory hereto agree to immediately meet to renegotiate such parts or provisions affected.

The remaining parts or provisions shall remain in full force and effect.

## XXXIX.    MALE GENDER

The use of male gender nouns and pronouns herein is a convenience and they should be read to encompass both the male and female sexes.

## XXXX.    EQUAL EMPLOYMENT OPPORTUNITY

"Equal employment opportunity" means the treatment of all employees and applicants for admission and/or employment without unlawful discrimination as to race, creed, color, national origin, sex, age, disability, marital status, sexual orientation or citizenship status in all employment decisions, including but not limited to recruitment, hiring, compensation, training and apprenticeship, promotions, upgrading, demotion, downgrading, transfer, layoff and termination, and all other terms and conditions of employment.

## XXXXI.    SAFETY PROVISIONS

The Employer expressly agrees to comply with the rules relating to steel erection as set forth in Subpart R of the regulations promulgated by the U.S. Department of Labor pursuant to the provisions of the Occupational Safety and Health Act.

## XXXXII.    TERM OF AGREEMENT

This Agreement, with any amendments thereof made as provided for therein, shall begin July 1, 2005 and remain in full force and effect until midnight of June 30, 2008 and, unless written notice be given by either party to the other at least two (2) months prior to June 30, 2008 of a desire for a change therein or to terminate the same, it shall continue in effect for an additional year thereafter. In the same manner, this Agreement, with any amendments thereof shall remain in effect from year to year thereafter, subject to termination at the expiration of any such contract

year upon notice in writing by certified mail/return receipt requested given by either party to the other at least four (4) months prior to the expiration of such contract year. Any such notice as hereinabove provided for in this article, whether specifying a desire to terminate or to change at the end of the current contract year, shall have the effect of terminating this Agreement at such time.

62

IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto as of the date and year first above written, in the City of New York, State of New York.

FOR LOCAL UNION NO. 580 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers:

By: _____
DENNIS LUSARDI, Business-Manager, Financial Secretary/Treasurer

By: _____
ROBERT MAGUIRE, President

FOR ALLIED BUILDING
METAL INDUSTRIES, INC.:

By: _____
JAKE BIDOSKY, President

By: _____
WILLIAM SHUZMAN, Executive Director

63

## SCHEDULE "A"

A.C. Associates
124 Park Avenue - Box 506
Lyndhurst, NJ 07071
(201) 939-6866

Ahern Painting Contractors, Inc.
69-24 49 Avenue – PO Box 1070
Woodside, NY 11377
(718) 639-5880

Allied Bronze LLC
25-11 Hunterspoint Avenue
Long Island City, NY 11101
(718) 361-8822

American Bridge Company
One Blue Hill Plaza
P.O. Box 1577
Pearl River, NY 10965
(845) 620-1998

Coordinated Metals Inc.
100 Asia Place
Carlstadt, NJ 07072
(201) 460-7280

Cornell & Company, Inc.
P.O. Box 807
Woodbury, NJ 08096
(856) 742-1900

DCM Erectors, Inc.
110 East 42nd Street - Suite 1710
New York, NY 10017
(212) 599-1603

Delro Industries, Inc.
95 Cedar Lane
Englewood, NJ 07631
(201) 569-6665

Empire City Iron Works
10-37 46th Road
Long Island City, NY 11101
(718) 361-0100

Falcon Steel Company, Inc.
P.O. Box 1567
Wilmington, DE 19899
(302) 571-0890

Genetech Building Systems, Inc.
166 Industrial Loop Rd., 2nd Fl.
Staten Island, NY 10309
(718) 227-0622

Grow Perini, a Jt. Venture
One Maynard Drive
Park Ridge, NJ 07656
(201) 391-2266

64

65

Kiewit Constructors, Inc.
1 Maynard Drive, 2nd Fl.
Park Ridge, NJ 07656
(201) 391-2266

KRP Associates, Inc.
475 Main Street – Ste. 2A
Farmingdale, NY 11735
(516) 777-2070

Koch Skanska, Inc.
400 Roosevelt Avenue
Carteret, NJ 07008
(732) 969-1700

A.J. McNulty & Co., Inc.
53-20 44th Street
Maspeth, NY 11378
(718) 784-1655

Ment Bros., I.W. Co., Inc.
150 West 22nd Street - 10th Fl.
New York, NY 10011
(212) 328-4080

Metralite Industries, Inc.
132-70 34th Avenue
Flushing, NY 11354
(718) 961-1770

Metropolitan Metals Corp.
214 West 29 Street
New York, NY 10001
(212) 563-7177

Metro Steel Erectors, Inc.
289 Scholes Street
Brooklyn, NY 11206
(718) 417-0600

Midlantic Erectors, Inc.
420 West First Avenue
Roselle, NJ 07203
(908) 241-7115

Nab Construction Corp.
112-20 14th Avenue
College Point, NY 11356
(718) 762-0001

A.J. Pegno Construction Corp.
18-38 131st Street
College Point, NY 11356
(718) 762-3400

Perini Corporation
1022 Lower South Street
Peekskill, NY 10566
(914) 739-1902

66

67

Ponderosa Fence Enterprises, Inc.
110 Stewart Ave.
Hicksville, NY 11801
(516) 433-9471

Post Road Iron Works
345 W. Putnam Avenue
Greenwich, CT 06830
(203) 869-6322

Residential Fences Corp.
1760 Rte. 25
P.O. Box 430
Ridge, NY 11961
(516) 924-3011

Royal Guard Fence Co., Inc.
550 Main Street
Westbury, NY 11590
(516) 334-7544

Solera Construction Inc.
102 Grand Street
Croton-on-Hudson, NY 10520
(914) 271-1300

Solera/DCM Erectors, Inc. a Jt. Venture
110 East 42nd Street - Ste. 1710
New York, NY 10017
(212) 599-1603

68

Tower Installation LLC
123 Day Hill Road - P.O. Box 767
Windsor, CT 06095

Typhoon Fence of LI, Inc.
90 Hopper Street
Westbury, NY 11590
(516) 997-5635

United Iron, Inc.
Six Roslyn Place
Mt. Vernon, NY 10550
(914) 667-5700

Village Dock, Inc.
18 Crescent Drive
Pt. Jefferson Sta., NY 11776
(516) 928-4104

W & W Glass Systems, Inc.
300 Airport Executive Park, Ste. 302
Nanuet, NY 10954
(845) 425-4000

Williams & Sons Erectors, Inc.
11 Susan Lane Drive
Middle Island, NY 11953
(631) 345-9421

69

**EXHIBIT I**



## RIDER "A" ASSIGNMENT

I hereby assign to Local No. 580 of the International Association of Bridge, Structural and Ornamental Iron workers the sum of five percent (5%) per hour from any wages earned or to be earned by me as an employee working within the jurisdiction of Local Union No. 580.

I understand that this assessment of five percent (5%) is the same assessment paid by all other iron workers within Local Union No. 580's jurisdiction.

This assignment shall remain in full force and effect until subsequently revoked in writing by me.

Local No. _____

Membership No. _____

Soc. Sec. No. _____

Tel. _____


Race/Sex _____

Sign Name _____

Print Name _____

Ins. Number _____

Date _____

70

71

## APPENDIX A

To:     All Contributing Employers
        of the Local 580 Funds

Earlier this year every contributing employer was reminded of certain terms and conditions of their collective bargaining agreement with Local 580 regarding contributions to the Local 580 Benefit Funds.

In the earlier letter, Employers were advised that Section XXXI(b)(3) provides in pertinent part as follows:

"In the event of any non-payment or underpayment of required contributions to any Fund, or upon the failure of an Employer to make contributions when payable, there shall be added to such indebtedness interest at 10% and liquidate damages in an amount not in excess of 20% of the amount of the indebtedness which parties agree is a reasonable charge."

Furthermore, Section XXXI(b)(1) as well as various other sections of the collective bargaining agreement requires that Employers make contributions by distributing to their employees, receipts In the weekly pay envelopes. As an example, if you paid your employees on Wednesday, November 11, 1992, for the payroll period November 1-7, 1992, you must also on November 11, 1992, give your employees receipts.

72

Accordingly, you were informed that if benefits were not paid or are paid late, the offending Employer would be required to pay the aforementioned interest and penalties and, where such action is necessary to collect monies owed the Funds, the arbitration fees of $600.00 per day, arbitration costs and expenses and attorney's fees in the amount of 25% of the indebtedness.

With regard to the interest and penalty charged on late payments, it was explained that these assessments will be charged as follows:

If receipts are not provided to employees by the first pay day following the pay day they were due, interest will be added at the rate of .027% per day starting from the date the contributions were originally due. Furthermore, liquidated damages in the amount of 7% of the indebtedness will be added. If receipts are not provided to employees by the second day following their due date, interest will be added at the daily rate of .027% from the original due date and liquidated damages in the amount of 10% of the indebtedness plus attorney's fees will be added. If receipts are not provided to employees by the third pay day following their due date, interest will be added at the daily rate of .027% from the original date due and liquidated damages in the amount of 15% of the indebtedness plus attorney's fees will be added. If receipts are not provided to employees by the fourth pay day following their due

73

date, interest will be added at the daily rate of .027% from the original due date and liquidated damages in the amount of 20% of the indebtedness plus attorney's fees will be added.

There has recently been a revision In certain of the aforementioned fees.

Accordingly, referring to the examples set forth above, the following table will illustrate how the charges will be applied.

Date of Payment: 11/11/92; Interest: -0-; Liquidated Damages: -0-; Attorney's Fees: -0-.

Date of Payment: 11/12-18/92; Interest: -0-; Liquidated Damages: -0-; Attorney's Fees: -0-.

Date of Payment: 11/19-25/92; Interest: .027%/day from 11/11/92; Liquidated Damages: 7%; Attorney's Fees: -0-.

Date of Payment: 11/26-12/2/92; Interest: .027%/day from 11/11/92; Liquidated Damages: 10%; Attorney's Fees: The standard hourly attorney's fee rates.

Date of Payment: 12/03-09/92; Interest: .027%/day from 11/11/92; Liquidated Damages: 15%; Attorney's Fees: The standard hourly attorney's fee rates.

Date of Payment: 12/10 & thereafter; Interest: .027%/day from 11/11/92; Liquidated Damages:

74

20%; Attorney's Fees: The standard hourly attorney's fee rates.

Arbitration proceedings will be initiated on the fifteenth (15th) day following the original due date for payment. Pursuant to Section XXXI(b), once arbitration is initiated, the Employer must pay the cost of any necessary audit" . . . plus the arbitration fee of $600.00 per day, plus arbitration costs and expenses, if any, plus reasonable attorney's fee in the amount of 25% of the indebtedness . . . ."

The Trustees have designated the Director of Audits and Collections to collect all delinquencies, late payments and penalties due the Funds.

If you have any questions concerning this matter, please call the Fund Office.

75

EXHIBIT B

## SETTLEMENT AGREEMENT

WHEREAS, LOCAL UNION NO. 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, AFL-CIO, ("UNION" or "LOCAL 580") and the TRUSTEES OF LOCAL UNION NO. 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS EMPLOYEE BENEFIT FUNDS, LOCAL UNION 580 ("FUNDS") have been and continue to be in a collective bargaining relationship with DFS BROTHERS IRON WORKS INC., ("DFS"); and

WHEREAS, the FUNDS' Auditors conducted an Audit of DFS and the Auditors issued an Audit Report that states a contributions delinquency in the amount of $53,415.67; and

WHEREAS, were the parties to proceed to arbitration, the UNION and FUNDS would seek an Award that would include interest and fees mandated by the collective bargaining agreement, including interest on the delinquent contributions (at 10% per annum); liquidated damages (at 20% of the total delinquent amount); attorneys fees (at 25% of the total delinquent amount); the costs of conducting the audit and the cost of the Impartial Arbitrator's fees and expenses ($1,404.42); and

WHEREAS, the total amount the UNION and FUNDS would seek from the Impartial Arbitrator is currently $ 87,994.63 (the "FULL AMOUNT"); and

WHEREAS, DFS disputes the Auditors' conclusions and asserts that the contributions delinquency is substantially less; and

WHEREAS, the undersigned parties desire to avoid the additional costs and expenses of arbitrating/litigating this matter and believe it would be prudent and

reasonable to resolve this matter on mutually agreeable terms and conditions:

NOW THEREFORE, it is hereby stipulated and agreed to by and between the parties herein that:

1.    DFS agrees to pay the sum of $52,896.67 in accordance with the annexed Schedule A. This amount is referred to as the SETTLEMENT AMOUNT. This SETTLEMENT AMOUNT has been arrived at in the following manner:

| | |
|---|---|
| Contributions | $31,930.48 |
| Interest (10%) | $ 3,193.05 |
| Attorneys Fees (25%) | $ 7,982.62 |
| Audit Costs | $ 2,000.00 |
| Arbitration Fees | $ 1,404.42 |
| TOTAL | $46,510.57 |

2.    It is agreed and understood by and between the parties hereto that the SETTLEMENT AMOUNT represents a reduced amount due and owing to the FUNDS and is accepted in full satisfaction of any and all rights, claims, lawsuits, whether pending or threatened, the FUNDS and/or LOCAL 580 now has or may hereafter acquire against DFS for amounts claimed pursuant to the Audit Report for the period October 23, 2003 through October 31, 2004, if and only if DFS adheres to the payment schedule set forth in Schedule A and the terms and conditions of this Settlement Agreement. The SETTLEMENT AMOUNT is accepted by the FUNDS because of DFS's representations that proceeding to an Award, judgment and execution of the FULL AMOUNT due would materially injure DFS' finances so as to cripple its business and potentially render any such judgment uncollectable.

3.    All payments due under this Settlement Agreement shall be made payable to Colleran, O'Hara & Mills L.L.P., as counsel for the JOINT FUNDS OF LOCAL 580, (located at 1225 Franklin Avenue, Suite 450, Garden City, New York 11530) on the dates specified in Schedule A. If payment is mailed, sufficient time should be allowed to assure timely arrival on the due date.

4.    Failure to make a payment on the date and in the amount provided for

2

in Schedule A shall constitute a default of this Agreement.

5.    DFS agrees that it will become and remain current on all employee benefit contributions due to the FUNDS. The parties understand and agree that this is a material provision of this Settlement Agreement. Failure to meet this obligation will also constitute a default of this Settlement Agreement.

6.    The parties agree that in the event of a default, the FUNDS and LOCAL UNION 580 may, after ten (10) days notice by first class mail to Robert Tavon, Esq. at 5424 Arlington Avenue #H-63, Riverdale, Bronx, New York 10471 execute on the Assignment, as provided below.

7.    DFS shall have ten (10) days after notice to cure said default. The parties agree that, in the event of an uncured default, the amount due is not the SETTLEMENT AMOUNT, but the FULL AMOUNT of $87,994.63, less any payments made.

8.    DFS will notify Denis A. Engel, Esq., of any change of his address. DFS will also notify Denis A. Engel, Esq., in writing by certified mail, return receipt requested, of any change in any of its address. Robert Tavon, Esq., will also notify Denis A. Engel, Esq. of any change of his address, telephone number or facsimile number.

9.    To provide security for adherence to the within Settlement Agreement, DFS will assign to the FUNDS an amount equal to the outstanding balance at the time of the default it claims are due under a bond. The assignment may be docketed and may be executed upon by the UNION and the FUNDS in the event of an uncured default. A Release of Assignment will be sent to DFS if it makes all payments as provided herein.

10.    It is expressly understood by the parties hereto that the signatories hereto represent to each other and the parties hereto that they have the authority to execute this Agreement and they do so willingly and without reservation.

11.    Any dispute requiring resolution as to the meaning, interpretation,

3

enforceability or application of this Agreement, or of any of the Appendices or Schedules hereto, shall be submitted to the Impartial Arbitrator, Eric J. Schmertz, or his successor, as provided in the collective bargaining agreement. Service of any papers in connection therewith may be made on counsel, by overnight or certified mail.

12.    Upon full satisfaction of all the terms outlined herein, LOCAL 580 and the FUNDS will deliver to DFS a General Release for the above referenced amounts and time periods.

13.    This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14.    DFS shall have the right to prepay.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be duly executed.

Dated:                          , 2005


By: Dennis Lusardi, II
Director of Audits


By: Dennis Lusardi, I
Business Manager/FST

DFS BROTHERS IRON WORKS, INC.
By:  DOMINIC LOFASO
PRESIDENT

4

## SCHEDULE A

| | |
|---|---|
| On or before November 8, 2005 | $ 2,500.00 |
| On or before December 8, 2005 | $ 5,500.00 |
| On or before January 9, 2006 | $ 5,500.00 |
| On or before February 8, 2006 | $ 5,500.00 |
| On or before March 8, 2006 | $ 5,500.00 |
| On or before April 10, 2006 | $ 5,500.00 |
| On or before May 8, 2006 | $ 5,500.00 |
| On or before June 8, 2006 | $ 5,500.00 |
| On or before July 10, 2006 | $ 5,500.00 |
| TOTAL | $46,510.57 |

EXHIBIT C

COLLERAN, O'HARA & MILLS, L.L.P.
1225 FRANKLIN AVENUE, SUITE 450
GARDEN CITY, NEW YORK 11530

516-248-5757
212-614-9119

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL

MICHAEL D. JEW
STEPHANIE SUAREZ
ROBIN YOUNG TYRELL
JOHN S. GROARKE*

*ALSO ADMITTED IN NJ

OF COUNSEL
GLENN A. KREBS
RICHARD REICHLER

KEVIN P. McDERMOTT, ESQ.
DIRECTOR OF LEGISLATIVE AFFAIRS

PARALEGALS
ANN M. CAROLAN
LAURA A. HARRINGTON
CHRISTOPHER DONOFRIO
JOAN CANCELLIERI
KRISTINE MURPHY

EDWARD J. CLEARY
HEALTH & SAFETY CONSULTANT

July 24, 2006

Robert Tavon, Esq.
5421 Arlington Avenue
#H-63
Riverdale, Bronx, New York 10471

> Re:   Local 580 and DFS
> Our File #:   4003-899

Dear Mr. Tavon:

This letter serves as notice of default under the terms of the Settlement Agreement between Local 580 and D.F.S. Brothers Iron Works, Inc.  Your client, D.F.S. Brothers Iron Works, Inc., has not made the June and July payments as required by the Settlement Agreement.  Please have your client remit a check in the amount of $11,000.00 within ten (10) days of the date of this letter or we will be forced to take further legal action.

PLEASE BE ADVISED, if further legal action is taken the amount due will not be the SETTLEMENT AMOUNT but the FULL AMOUNT of 87,994.63 less any payments made to date.

If you should have any questions, please contact the undersigned.

Very truly yours,

COLLERAN, O'HARA & MILLS L.L.P.

By: *Laura A Harrington*
LAURA A. HARRINGTON
PARALEGAL

EXHIBIT D

COLLERAN, O'HARA & MILLS L.L.P.

1225 FRANKLIN AVENUE, SUITE 450

GARDEN CITY, NEW YORK 11530

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL

MICHAEL D. JEW
STEPHANIE SUAREZ
ROBIN YOUNG TYRRELL
JOHN S. GROARKE*

*ALSO ADMITTED IN NJ

516 248 8757
212 614 9119

OF COUNSEL
GLENN A. KREBS
RICHARD REICHLER

KEVIN P. McDERMOTT, ESQ.
DIRECTOR OF LEGISLATIVE AFFAIRS

PARALEGALS
ANN M. CAROLAN
LAURA A. HARRINGTON
CHRISTOPHER DONOFRIO
JOAN CANCELLIERI
KRISTINE MURPHY

EDWARD J. CLEARY
HEALTH & SAFETY CONSULTANT

January 23, 2007

**VIA FACSIMILE**
Robert Tavon, Esq.
5424 Arlington Avenue
#H-63
Riverdale, Bronx, New York 10471

Re:    Local 580 and DFS
       Our File #:   4003-899

Dear Mr. Tavon:

      This letter serves as notice of default and notice of DEMAND FOR ARBITRATION under the terms of the Settlement Agreement between Local 580 and D.F.S. Brothers Iron Works, Inc. Your client, D.F.S. Brothers Iron Works, Inc., has not made the June, 2006 and July, 2006 payments as required by the Settlement Agreement.

      PLEASE BE ADVISED, if the matter is not resolved prior to arbitration, the amount due will not be the SETTLEMENT AMOUNT but the FULL AMOUNT of 87,994.63 less any payments made to date of $35,510.57 for a balance of $52,484.06.

      If you should have any questions, please contact the undersigned.

      Very truly yours,

      COLLERAN, O'HARA & MILLS L.L.P.

      By: _____
      DENIS A. ENGEL

Cc:    Eric J. Schmertz, Esq.
       Dennis Lusardi, II

EXHIBIT E

OFFICE OF THE IMPARTIAL ARBITRATOR
--------------------------------------------X
IN THE MATTER OF THE ARBITRATION BETWEEN       :

LOCAL UNION NO. 580 of the INTERNATIONAL       :       AWARD
ASSOCIATION OF BRIDGE, STRUCTURAL,             :
ORNAMENTAL AND REINFORCING IRON WORKERS,       :
 AFL-CIO, AND                                  :
                                               :
TRUSTEES OF LOCAL UNION NO. 580 of the         :
INTERNATIONAL ASSOCIATION OF BRIDGE,           :
STRUCTURAL, ORNAMENTAL AND REINFORCING         :
IRON WORKERS  EMPLOYEE BENEFIT FUNDS,          :
                                               :
              -and-                            :
                                               :
D.F.S. BROTHERS IRON WORKS, INC. A/K/A         :
D.F.S. BROTHERS STEEL FABRICATORS              :
--------------------------------------------X

        The Undersigned, designated as the Impartial Arbitrator
under the collective bargaining agreement and related Trust
Agreement between the above-named Union, Employee Benefit Funds
and the Employer, having been duly sworn and having duly heard
the proof and allegations of the Union and the Security Funds,
the Employer having failed to appear at a scheduled hearing on
April 4, 2007 after due notice by Certified Mail, makes the
following AWARD, in accordance with my express authority under
said collective bargaining agreement and Trust Agreement:

            D.F.S. BROTHERS IRON WORKS, INC. A/K/A
            D.F.S. BROTHERS STEEL FABRICATORS
            violated the collective bargaining
            agreement and related Trust Agreement
            by failing to make required
            contributions to the Funds for the
            period October 23, 2003 through October 31, 2004

Accordingly, D.F.S. BROTHERS IRON WORKS, INC.
A/K/A D.F.S. BROTHERS STEEL FABRICATORS
is directed to forthwith pay to
the Union and the Funds the following
sums:

| | |
|---|---|
| Contributions due to the Funds for the period October 23, 2003 through October 31, 2004 | $53,415.67 |
| Interest | $ 6,736.92 |
| Attorneys Fees | $13,353.91 |
| Liquidated Damages | $10,683.13 |
| Audit Costs | $ 2,400.00 |
| Impartial Arbitrator's fee and expenses | $ 1,405.00 |
| Total: | $87,994.63 |
| Minus payments made: | $35,500.00 |
| Total due: | $52,494.63 |

_____
Eric J. Schmertz, Impartial Arbitrator

DATED: April 4, 2007

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK)

        I, Eric J. Schmertz do hereby affirm upon my Oath as
Impartial Arbitrator that I am the individual described in and
who executed this instrument, which is my AWARD.

OFFICE OF THE IMPARTIAL ARBITRATOR
---------------------------------------------X
IN THE MATTER OF THE ARBITRATION BETWEEN      :
                                              :
LOCAL UNION NO. 580 of the INTERNATIONAL      :     AWARD
ASSOCIATION OF BRIDGE, STRUCTURAL,            :
ORNAMENTAL AND REINFORCING IRON WORKERS,      :
 AFL-CIO, AND                                 :
                                              :
TRUSTEES OF LOCAL UNION NO. 580 of the        :
INTERNATIONAL ASSOCIATION OF BRIDGE,          :
STRUCTURAL, ORNAMENTAL AND REINFORCING        :
IRON WORKERS  EMPLOYEE BENEFIT FUNDS,         :
                                              :
            -and-                             :
                                              :
D.F.S. BROTHERS IRON WORKS, INC. A/K/A        :
D.F.S. BROTHERS STEEL FABRICATORS             :
---------------------------------------------X

     The Undersigned, designated as the Impartial Arbitrator under the collective bargaining agreement and related Trust Agreement between the above-named Union, Employee Benefit Funds and the Employer, having been duly sworn and having duly heard the proof and allegations of the Union and the Security Funds, the Employer having failed to appear at a scheduled hearing on April 4, 2007 after due notice by Certified Mail, makes the following AWARD, in accordance with my express authority under said collective bargaining agreement and Trust Agreement:

          D.F.S. BROTHERS IRON WORKS, INC. A/K/A
          D.F.S. BROTHERS STEEL FABRICATORS
          violated the collective bargaining
          agreement and related Trust Agreement
          by failing to make required
          contributions to the Funds for the
          period October 23, 2003 through October 31, 2004

Accordingly, D.F.S. BROTHERS IRON WORKS, INC.
A/K/A D.F.S. BROTHERS STEEL FABRICATORS
is directed to forthwith pay to
the Union and the Funds the following
sums:

| | |
|---|---|
| Contributions due to the Funds for the period October 23, 2003 through October 31, 2004 | $53,415.67 |
| Interest | $ 6,736.92 |
| Attorneys Fees | $13,353.91 |
| Liquidated Damages | $10,683.13 |
| Audit Costs | $ 2,400.00 |
| Impartial Arbitrator's fee and expenses | $ 1,405.00 |
| Total: | $87,994.63 |
| Minus payments made: | $35,500.00 |
| Total due: | $52,494.63 |

_____
Eric J. Schmertz, Impartial Arbitrator

DATED: April 4, 2007

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK)

       I, Eric J. Schmertz do hereby affirm upon my Oath as
Impartial Arbitrator that I am the individual described in and
who executed this instrument, which is my AWARD.

EXHIBIT F

4003 — 899

**THE LAW OFFICE OF ROBERT TAVON, ESQ**
=========================

Admitted in New York State
& City Courts and United States
Federal Courts of Southern & Eastern
Districts of New York

5424 Arlington Avenue Suite H63
Riverdale, Bronx, New York 10471
_**phone ( 914 ) 309 - 9598**_
fax    ( 718 ) 796 - 0723

April 10, 2007

TO: Mr Eric Schmertz – Arbitrator

FROM: Robert Tavon, Esq – Attorney for D F S Bros Iron Works Inc

RE: <u>Arbitration Hearing of April 4 For Local 580 and D F S Bros Iron Works Inc</u>

Please be advised that I could not attend this scheduled hearing due to the Jewish High Holy days.

We have a meritorious defense to the Union's allegation and would entreat you, Sir, to allow us an opportunity to be heard.

I regret any inconvenience and apologize that I didn't realize that this hearing was scheduled on the Holidays earlier,

Kindly consider that I have engagements on April 12, 13, 18, 19, 20, 23, 25, 26, and 30.

Thank you for your time and consideration to this matter.

Cc:    Denis Engel, Esq
       Dominick LoFaso

EXHIBIT G

ERIC J. SCHMERTZ

75 ROCKEFELLER PLAZA - 16TH FLOOR
NEW YORK, NEW YORK 10019
(212) 687-8200
FAX: (212) 697-2521
Email: schmertz@dwecklaw.com

April 13, 2007

Robert Tavon, Esq.
5424 Arlington Avenue, Suite H-63
Bronx, New York 10471

Denis A. Engel, Esq.
Colleran, O'Hara & Mills, LLP
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

Re: Local 580 -and- DFS

Gentlemen:

Mr. Tavon's request for a reopening of the hearing in the above matter, is denied.

Very truly yours,

Eric J. Schmertz
Impartial Arbitrator

EJS:hl

APR 1 6 2007