```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOCAL UNION NO. 580 of the INTERNATIONAL       :
ASSOCIATION OF BRIDGE, STRUCTURAL,             :
ORNAMENTAL AND REINFORCING IRON WORKERS,       :
AFL-CIO AND                                    :
TRUSTEES OF INTERNATIONAL ASSOCIATION OF       :   07 CIV 5463 (JSR)
BRIDGE, STRUCTURAL, ORNAMENTAL AND             :
REINFORCING IRON WORKERS EMPLOYEE              :
BENEFIT FUNDS,                                 :
                            Plaintiffs,        :
             -against -                        :
                                               :
D.F.S. BROTHERS IRON WORKS, INC. a/k/a         :
D.F.S. BROTHERS STEEL FABRICATORS, and         :
MASPETH STEEL FABRICATORS, INC.,               :
                                               :
                            Defendants.        :
------------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT

Respectfully Submitted,

COLLERAN, O'HARA & MILLS L.L.P.
Attorneys for Plaintiffs
LOCAL UNION NO. 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS & TRUSTEES OF INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS EMPLOYEE BENEFIT FUNDS
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

Denis A. Engel, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOCAL UNION NO. 580 of the INTERNATIONAL          :
ASSOCIATION OF BRIDGE, STRUCTURAL,                :
ORNAMENTAL AND REINFORCING IRON WORKERS, :
AFL-CIO AND                                       :
TRUSTEES OF INTERNATIONAL ASSOCIATION OF          :   07 CIV 5463 (JSR)
BRIDGE, STRUCTURAL, ORNAMENTAL AND                :
REINFORCING IRON WORKERS EMPLOYEE                 :
BENEFIT FUNDS,                                    :
                              Plaintiffs,         :
            -against-                             :
                                                  :
D.F.S. BROTHERS IRON WORKS, INC. a/k/a            :
D.F.S. BROTHERS STEEL FABRICATORS, and            :
MASPETH STEEL FABRICATORS, INC.,                  :
                                                  :
                              Defendants.         :
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiff's motion for a finding of contempt against Defendants, D.F.S. BROTHERS IRON WORKS a/k/a D.F.S. BROTHERS STEEL FABRICATORS and MASPETH STEEL FABRICATORS and for a further finding of contempt against the companies' principals, Dominick LoFaso, et al.

## FACTS

Plaintiffs, LOCAL UNION NO. 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO AND TRUSTEES OF INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS EMPLOYEE BENEFIT FUNDS, commenced the above captioned action against D.F.S. BROTHERS IRON WORKS a/k/a D.F.S. BROTHERS STEEL FABRICATORS and MASPETH STEEL FABRICATORS to 1) confirm an Arbitration Award, and 2) establish a joint and several liability for any and all collective bargaining obligations of the signatory, D.F.S., as to MASPETH STEEL. After Plaintiffs were compelled to file a motion for Defendants' failure to answer, which the Court ultimately denied as moot, Defendants' attorney, Robert Tavon, appeared on the companies' behalf. At the September 5, 2007 initial conference, Mr. Tavon informed the Court that he had been temporarily suspended from the practice of law by the State of New York, but that his appeal was pending before the Southern District Court and the Second Department. The Court informed Mr. Tavon that the Defendants' discovery obligations would not be altered in the event that Mr. Tavon was unable to proceed on their behalf.

The Defendants honored none of their discovery obligations under the Federal Rules of Civil Procedure, other than filing an Answer. No documents were produced in response to Plaintiff's discovery requests and no depositions were conducted. After Plaintiffs informed the Court of these unfortunate developments, the Court issued an Order on November 7, 2007 finding the Defendants in default and further directing the Clerk to enter a judgment against the Defendants jointly and severally. The Court also directed the Defendants to submit to an audit of its books and records to determine the companies' liability for unpaid wages and employee

benefit contributions from October 1, 2005 to date. The Court retained jurisdiction over the matter "to resolve any disputes that may arise as to the as-yet unspecified amounts" referred to in the Order.

On November 8, 2007 Plaintiffs attempted to secure compliance with the Order. On November 19, 2007, Plaintiffs informed the Court that the Defendants continued to stonewall and have failed and/or refused to submit to the audit. At the Court's direction, Plaintiffs submit this Motion for Contempt.

## DEFENDANTS' REPEATED FAILURE TO ABIDE BY THE COURT'S ORDERS WARRANTS A FINDING OF CONTEMPT

It is without question that the power to punish litigants for contempt is an inherent power of the federal courts. People by Abrams v. Terry, 45 F.3d 17 (2nd Cir. 1995). The District Courts have the power to hold a party in civil contempt upon clear and convincing proof of non-compliance with a court order. N.A. Sales Co. Inc., v. Chapman Industries, 736 F.2d 854 (2nd Cir. 1984). Moreover, the United States Courts "shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as .... (3) disobedience or resistance to is lawful writ, process, order, rule, decree or command." 18 U.S.C. § 401.

The undisputed, uncontroverted facts of this case demonstrate that the Defendants have, without excuse or comment, violated this Court's Order that they submit to an audit. As the accompanying Declaration demonstrates, repeated attempts to secure Defendants' performance of its obligations have been ignored. This Court's power to enforce its own Order includes, without limitation, the imposition of a fine against the Defendants and/or the fine and/or

imprisonment of the principals of the Defendants. It is clear that without swift and immediate action, Defendants will continue to flout the Court's authority and the Plaintiffs will be left remediless – outcomes contrary to the letter and spirit of the law.

## CONCLUSION

Based on the foregoing, it is clear that this Court should find the Defendants in CONTEMPT OF COURT and that the Defendants should be fined and/or the principals of the Defendants should be fined and/or imprisoned to secure compliance with the Court's Order.

Dated: December 4, 2007
       Garden City, New York

Respectfully Submitted,

_____
DENIS A. ENGEL (DAE-7796)
COLLERAN, O'HARA & MILLS L.L.P.
Attorneys for Plaintiffs
1225 Franklin Avenue, Suite 450
Garden City, New York 11530